UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| HERODINA NORIEGA,<br><br>              Plaintiff,<br>  v.<br>WELLS FARGO BANK, N.A.<br>              Defendant.<br>_____/ | No. C 11-6221 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

On December 12, 2011, Defendant Wells Fargo Bank N.A. removed the above-captioned case from San Francisco County Superior Court. Dkt. No. 1. On December 19, Defendant filed a Motion to Dismiss, with a noticed hearing date of January 26, 2012. Dkt. No. 5. Plaintiff Herodina Noriega, who is represented by counsel, failed to file an opposition pursuant to Civil Local Rule 7. Further, on January 4, 2012, the Court directed the parties to either consent or decline magistrate jurisdiction by January 11, 2012. Dkt. No. 9. Plaintiff failed to comply with this deadline as well. Based on Plaintiff's inaction, the Court vacated the motion to dismiss hearing date and ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and comply with court deadlines. Dkt. No. 11. The Court ordered Plaintiff to file a responsive declaration by January 19, 2012. Plaintiff has failed to respond. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

Under Rule 41(b), failure to comply with a court order can warrant dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Further, failure to follow a district court's local rules is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). In "determining whether to dismiss a case for failure to comply with a court order, the district court must weigh five factors including '(1) the public's interest in expeditious resolution of litigation; (2) the court's need

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-61 (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986)).  Here, Plaintiff failed to file an opposition to Defendant's pending motion to dismiss, failed to comply with Court orders and deadlines, failed to respond to the order to show cause, and has made no appearance in this matter since the case was removed to this Court.  Thus, the Court finds that the *Ferdik* factors weigh in favor of dismissal.

Accordingly, because Plaintiff has yet to consent to the undersigned's jurisdiction, the Court hereby ORDERS the Clerk of Court to reassign this case to a district court judge.  The undersigned RECOMMENDS that the newly-assigned judge dismiss this case for failure to prosecute and failure to comply with the Court's deadlines and orders.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: January 23, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**

HERODINA NORIEGA,

        Plaintiff,

  v.

WELLS FARGO,

        Defendant.
_____/

Case Number: 11-06221 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 23, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chris T Nguyen
Nguyen & Wong
8700 Warner Ave #100
Fountain Valley, CA 92708

Dated: January 23, 2012

                        Richard W. Wieking, Clerk
                        By: Brenda Tolbert, Deputy Clerk